UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **CHRISTOPHER GEORGE WILEY** | **CIVIL ACTION** |
| **VERSUS** | **NO. 13-5040** |
| **22nd J.D.C. CLERK, DOCTOR, MR. JOHN ROBERTS III, CEO, R. KRAMER, JUDGE AND LAWYER** | **SECTION "E"(4)** |

## REPORT AND RECOMMENDATION

This matter was referred to a United States Magistrate Judge to conduct hearings, including an evidentiary hearing if necessary, and to submit proposed findings and recommendations pursuant to **28 U.S.C. § 636(b)(1)(B) and (C)**, and as applicable, **Rule 8(b) of the Rules Governing Section 2254 Cases**. Upon review of the entire record, the Court has determined that this matter can be disposed of without an evidentiary hearing. *See* 28 U.S.C. § 2254(e)(2) (2006).[1]

### I.   State Factual and Procedural Background

The petitioner, Christopher George Wiley ("Wiley"), is a non-prisoner under civil commitment to the Northlake Behavioral Health System ("NBHS") in Mandeville, Louisiana.[2] The record reflects that, prior to May 20, 2013, Wiley was released from the Central Louisiana State

---

[1] Under 28 U.S.C. § 2254(e)(2), an evidentiary hearing is held only when the petitioner shows that either the claim relies on a new, retroactive rule of constitutional law that was previously unavailable or a factual basis that could not have been previously discovered by the exercise of due diligence and the facts underlying the claim show by clear and convincing evidence that, but for the constitutional error, no reasonable jury would have convicted the petitioner.

[2] Rec. Doc. No. 1; St. Rec. Vol. 1 of 1, Judgment, 5/30/13; Minute Entry, 5/30/13.

Hospital and placed in a group home.³ After wandering from the home, Wiley reportedly began to live in areas around his childhood neighborhood and engaged in disorganized behavior, including delusions that he was running for governor and had seen Jesus. His mother was not successful in getting him to live with her. He refused to take his medication for two weeks, and was admitted into NBHS.

On May 20, 2013, Richard Kramer, the Chief Executive Officer of the NBHS, filed a petition in the 22nd Judicial District Court for St. Tammany Parish, to have Wiley judicially committed to a treatment facility in accordance with La. Rev. Stat. Ann. § 28:54. The petition alleged that Wiley's mental illness made him a danger to others and that he was gravely disabled and unable to provide for his own basic physical needs. On May 30, 2013, after appointment of counsel and a psychiatric evaluation was completed, the Court found Wiley to be gravely disabled and in need of "voluntary confinement" and commitment in the NBHS until he could be placed in the Central Louisiana State Hospital.⁴ Wiley has not sought review of the commitment order.

## II. Federal Petition

On June 24, 2013, the clerk of United States District Court for the Middle District of Louisiana filed Wiley's federal petition for habeas corpus relief.⁵ Wiley did not identify any particular issue or basis for his challenge to his current commitment. Instead, he asks only that he be discharged to his home and that patients at NBHS be allowed to smoke.

---

³St. Rec. Vol. 1 of 1, Petition for Judicial Commitment, 5/20/13.

⁴St. Rec. Vol. 1 of 1, Trial Court Order, 5/20/13; Physician's Report to Court, 5/24/13; Judgment, 5/30/13; Minute Entry, 5/30/13.

⁵Rec. Doc. No. 1.

2

Wiley's petition was transferred to this Court on July 9, 2013.  Upon order of this Court, the State filed a response in opposition to the petition arguing that Wiley did not exhaust state court remedies prior to filing his federal petition and that he failed to state a cognizable federal claim.[6]

## III.     Jurisdiction

Title 28 U.S.C. § 2241(d) "gives the United States district courts jurisdiction to entertain petitions for habeas relief <u>only</u> from persons who are '<u>in</u> <u>custody</u> in violation of the Constitution or laws or treaties of the United States.'" (emphasis added) *Maleng v. Cook*, 490 U.S. 488, 490 (1989) (quoting 28 U.S.C. § 2241(c)(3)); 28 U.S.C. § 2254(a); *Dickerson v. Louisiana*, 816 F.2d 220, 224 (5th Cir. 1987) (to be eligible for federal habeas corpus relief, a petitioner must be "in custody" and have exhausted state court remedies).  In addressing who may seek habeas relief, however, the United States Supreme Court has indicated that "[n]othing in the language of [28 U.S.C. § 2244] requires that the state court judgment pursuant to which a person is in custody be a criminal conviction."  *Duncan v. Walker*, 533 U.S. 167, 176 (2001).  Instead, the Supreme Court has recognized that habeas relief may be available for detainees held under other types of judgments:

> [T]here are other types of state court judgments pursuant to which a person may be held in custody within the meaning of the federal habeas statute.  For example, federal habeas corpus review may be available to challenge the legality of a state court order of civil commitment or a state court order of civil contempt.  *See*, *e.g.*, *Francois v. Henderson*, 850 F.2d 231 (5th Cir. 1988) (entertaining a challenge brought in a federal habeas petition under § 2254 to a state court's commitment of a person to a mental institution upon a verdict of not guilty by reason of insanity); *Leonard v. Hammond*, 804 F.2d 838 (4th Cir. 1986) (holding that constitutional challenges to civil contempt orders for failure to pay child support were cognizable only in a habeas corpus action).  These types of state court judgments neither constitute nor require criminal convictions.

*Duncan*, 533 U.S. at 176-77.

---

[6]Rec. Doc. Nos. 11, 12.

Based on this language in *Duncan,* federal courts around the country have entertained habeas petitions under 28 U.S.C. § 2254 filed by persons in custody in a mental institution under an involuntary civil commitment order unrelated to a criminal conviction. *See e.g.*, *Martin v. Bartow*, 628 F.3d 871, 872-873 (7th Cir. 2010) (petitioner under civil commitment pursuant to sexually violent person statute); *Huftile v. Miccio-Fonseca*, 410 F.3d 1136, 1138 (9th Cir. 2005) (detainee under an involuntary commitment scheme can use a § 2254 habeas petition to challenge a term of confinement.); *Buthy v. Comm. of Off. of Mental Health of New York State*, 818 F.2d 1046, 1051-51 (2nd Cir. 1987) (habeas corpus was correct vehicle to dispute involuntary commitment); *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975) (habeas corpus as a method of challenging involuntary commitment to a mental institution); *Sarzen v. Gaughan*, 489 F.2d 1076, 1081-82 (1st Cir. 1973) (discussing procedural course of involuntary commitment case which utilized a habeas petition to challenge the commitment); *Chadwick v. Gilmore*, No. 12-3052, 2013 WL 3524161, at *1 (D. Kan. Jul. 10, 2013); *Richard S. v. Carpinello*, 628 F. Supp.2d 286, 291 (N.D.N.Y. 2008) (habeas correct means by which to argue that commitment was improper).

In this case, Wiley is confined in a mental institution pursuant to a "voluntary" civil commitment order issued by the state court.[7] The Court's research, however, has found no case that would distinguish his custody from an involuntary custody for purposes of habeas corpus jurisdiction.

In further support of this Court's authority, under Louisiana law, a formal voluntary admission to a mental health treatment facility does not exceed 72 hours unless *inter alia* there is a judicial commitment under La. Rev. Stat. Ann. § 28:54, as there was in Wiley's case. According

---

[7] St. Rec. Vol. 1 of 1, Minute Entry, 5/30/13.

4

to his commitment order and Louisiana law, Wiley is detained without liberty to leave the facility except by court order after periodic review. This type of detention is no different from the involuntary custody discussed in the foregoing cases. Based on these considerations, this Court has jurisdiction to entertain Wiley's federal habeas corpus petition pursuant to § 2254.

## IV.     General Standards of Review

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), Pub. L. No. 104-132, 110 Stat. 1214,[8] applies to this petition, which is deemed filed in the federal courts no later than June 18, 2013.[9] The threshold questions in habeas review under the amended statute are whether the petition is timely and whether the claim raised by the petitioner was adjudicated on the merits in state court; *i.e.*, the petitioner must have exhausted state court remedies and must not be in "procedural default" on a claim. *Nobles v. Johnson*, 127 F.3d 409, 419-20 (5th Cir. 1997) (citing 28 U.S.C. § 2254(b), (c)).

The State alleges that Wiley has not exhausted available state court remedies to challenge his confinement and has otherwise failed to state a cognizable claim. As an initial matter, although there is no clear statement of issues in Wiley's federal petition, the Court agrees that Wiley has failed to exhaust his claims in the state courts on any potential issue he could raise.

---

[8] The AEDPA comprehensively revised federal habeas corpus legislation, including 28 U.S.C. § 2254, and applied to habeas petitions filed after its effective date, April 24, 1996. *Flanagan v. Johnson*, 154 F.3d 196, 198 (5th Cir. 1998) (citing *Lindh v. Murphy*, 521 U.S. 320 (1997)). The AEDPA, signed into law on that date, does not specify an effective date for its non-capital habeas corpus amendments. Absent legislative intent to the contrary, statutes become effective at the moment they are signed into law. *United States v. Sherrod*, 964 F.2d 1501, 1505 n.11 (5th Cir. 1992).

[9] The Fifth Circuit has recognized that a "mailbox rule" applies to pleadings, including habeas corpus petitions filed after the effective date of the AEDPA, submitted to federal courts by prisoners acting pro se. Under this rule, the date when prison officials receive the pleading from the inmate for delivery to the court is considered the time of filing for limitations purposes. *Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999); *Spotville v. Cain*, 149 F.3d 374, 376-78 (5th Cir. 1998); *Cooper v. Brookshire*, 70 F.3d 377, 379 (5th Cir. 1995). The clerk of the Middle District filed Wiley's federal habeas petition on June 24, 2013, when the filing fee was received. Wiley signed the form petition on June 18, 2013. This is the earliest date appearing in the record on which he could have delivered the original pleadings to hospital personnel for mailing to the Court. *Accord Spotville*, 149 F.3d at 376-78.

**V.     Exhaustion Requirement**

"A fundamental prerequisite to federal habeas relief under § 2254 is the exhaustion of all claims in state court prior to requesting federal collateral relief." *Whitehead v. Johnson*, 157 F.3d 384, 387 (5th Cir. 1998) (citing *Rose v. Lundy*, 455 U.S. 509, 519-20 (1982)); *Nobles*, 127 F.3d at 419. "A federal habeas petition should be dismissed if state remedies have not been exhausted as to all of the federal court claims." *Whitehead*, 157 F.3d at 387 (citing 28 U.S.C. § 2254(b)(1)(A); *Rose*, 455 U.S. at 519-20).

The well-established test for exhaustion requires that the substance of the federal habeas claim be fairly presented to the highest state court. *Whitehead*, 157 F.3d at 387 (citing *Picard v. Connor*, 404 U.S. 270, 275-78 (1971)). This means that "[s]tate prisoners must give the state courts one full opportunity to resolve any constitutional issues by invoking one complete round of the State's established appellate review process," including discretionary review when that review is part of the State's ordinary appellate review procedures. *O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999). "A federal court claim must be the 'substantial equivalent' of one presented to the state courts if it is to satisfy the 'fairly presented' requirement." *Whitehead*, 157 F.3d at 387 (citing *Picard*, 404 U.S. at 275-78). "This requirement is not satisfied if the petitioner presents new legal theories or new factual claims in his federal application." *Whitehead*, 157 F.3d at 387 (citing *Nobles*, 127 F.3d at 420); *Wilder v. Cockrell*, 274 F.3d 255, 259 (5th Cir. 2001).

For exhaustion purposes, it also is not enough for a petitioner to have raised the claims in the lower state courts if the claims were not specifically presented to the state's highest court. *Baldwin v. Reese*, 541 U.S. 27, 32 (2004). Furthermore, a habeas petitioner does not fairly present a claim

to the state's highest court if that court must read beyond the petition or brief, such as a lower court opinion, to find a claim not otherwise specifically raised. *Id.* at 32.

Under Louisiana law, Wiley had the right to file an appeal from the commitment order and be assigned appointed counsel to assist in the appeal. La. Rev. Stat. Ann. § 28:56(D). When a commitment order is upheld on appeal, the law also provides that the individual may apply for review in the Louisiana Supreme Court. La. Rev. Stat. Ann. § 28:56(E). Wiley also had a protected right to seek collateral habeas corpus review in the state courts. La. Rev. Stat. Ann. § 28:56(F). The state court records do not reflect that Wiley has pursued any state court review of the commitment order. As confirmed by the State in its response, the records of the Louisiana First Circuit Court of Appeal and the Louisiana Supreme Court do not contain a direct appeal from or petition for other review of the commitment order.[10]

Therefore, Wiley has not sought procedurally proper review on any grounds in the state courts. The record discloses no good cause for Wiley's failure to properly and fully exhaust these available remedies, and the Court can find none from its review of the record. *Rhines v. Weber*, 544 U.S. 269, 277-78 (2005) (dismissal is appropriate where no good cause is shown for the failure to exhaust). For these reasons, Wiley's federal petition should be dismissed without prejudice for failure to exhaust state court remedies.

---

[10]A member of the undersigned Magistrate Judge's staff contacted the offices of the clerks of court for both of these state courts and was advised that Wiley did not file for review related to the commitment proceeding or order from St. Tammany Parish.

**VI.     Recommendation**

For the foregoing reasons, it is **RECOMMENDED** that Christopher George Wiley's petition for issuance of a writ of habeas corpus filed pursuant to 28 U.S.C. § 2254 be **DISMISSED WITHOUT PREJUDICE** for failure to exhaust state court remedies.

A party's failure to file written objections to the proposed findings, conclusions, and recommendation in a magistrate judge's report and recommendation **within fourteen (14) days** after being served with a copy shall bar that party, except upon grounds of plain error, from attacking on appeal the unobjected-to proposed factual findings and legal conclusions accepted by the district court, provided that the party has been served with notice that such consequences will result from a failure to object. *Douglass v. United Servs. Auto. Assoc.*, 79 F.3d 1415, 1430 (5th Cir. 1996).[11]

New Orleans, Louisiana, this 25th day of October, 2013.

**KAREN WELLS ROBY**
**UNITED STATES MAGISTRATE JUDGE**

---

[11] *Douglass* referenced the previously applicable ten-day period for the filing of objections. Effective December 1, 2009, 28 U.S.C. § 636(b)(1) was amended to extend the period to fourteen days.